**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---------------------------------------------------------------

CRYSTAL SMITH, individually and on behalf of all
others similarly situated,

                    Plaintiff(s),                **Civil Case No.**

        -against-

                                    **CLASS ACTION COMPLAINT**

ARS NATIONAL SERVICES, INC.            **DEMAND FOR JURY TRIAL**


                    Defendant(s).

---------------------------------------------------------------

      Plaintiff, CRYSTAL SMITH (hereinafter, "Plaintiff"), a Texas resident, brings this Class

Action Complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, against

Defendant ARS NATIONAL SERVICES, INC. (hereinafter "Defendant" or "ARS"),

individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the

Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel,

except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's

personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.   Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of

     abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C.

     § 1692(a). At that time, Congress was concerned that "abusive debt collection practices

     contribute to the number of personal bankruptcies, to material instability, to the loss of

     jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws .

     . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.
§§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt
collection practices, but also to "insure that those debt collectors who refrain from using
abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After
determining that the existing consumer protection laws were inadequate, *id.* § 1692(b),
Congress gave consumers a private cause of action against debt collectors who fail to
comply with the Act. *Id.* § 1692k.

3.  The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone
without that party's consent.  Senator Hollings, the TCPA's sponsor, described these auto-
dialed calls as "the scourge of modern civilization. They wake us up in the morning; they
interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until
we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d
1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

4.  In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA,
Congress made findings that telemarketing had become "pervasive due to the increased use
of cost-effective telemarketing techniques."   *See,* PL 102-243, § 2(1). "Residential
telephone subscribers consider automated or prerecorded telephone calls, regardless of the
content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. §
2(10). The TCPA's findings also reflect Congress's conclusion that "[i]ndividuals'
privacy rights, public safety interests, and commercial freedoms of speech and trade must
be balanced in a way that protects the privacy of individuals and permits legitimate
telemarketing practices." Id. § 2(9).  Consumers who receive these unauthorized calls thus

have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

7.  Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

*8.*  Plaintiff brings this action on individually for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA) and other violations of the FDCPA.

9.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

10. Plaintiff is a natural person and a resident of Montgomery County in the State of Texas and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Defendant is a collection agency with its principal office located at 80 Garden Center, Broomfield, Colorado 80020.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, or

facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## **ALLEGATIONS OF FACT**

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to October 2024, an obligation was allegedly incurred to The Bank of Missouri/Fortiva/Vivint ("Vivint").

16. The Vivint obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged Vivint obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Vivint is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Vivint or subsequent owner of the Vivint debt contracted the Defendant to collect the alleged debt.

20. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

21. On or about October of 2024, Plaintiff began receiving phone calls and text messages from the Defendant who was attempting to collect Vivint debt.

22. These phone calls and text messages caused Plaintiff to suffer unnecessary stress and

anxiety.

23. Not wanting to be contacted by the Defendant further, Plaintiff on or about October 17, 2024, responded to one of Defendant's text stating in part:

> "I don't want to be contacted about this debt by your company."

24. Despite being notified by the Plaintiff in writing that she wishes for the Defendant to cease further communications with respect to the debt at issue, Defendant continued to text and call Plaintiff.

25. Upon information and belief, Defendant has contacted Plaintiff via text messages and phone calls at least ten (10) times since she asked them to cease further communications.

26. These additional text messages and phone calls caused Plaintiff concrete harm by way of loss of sleep, some memory lapses, and lack of concentration.

27. Additionally, these additional text messages and phone calls violated Plaintiff's privacy.

28. The majority of the phone calls included a voicemail with the following message:

> "This message is intended for Crystal Smith. I am calling with the offices of ARS regarding a legal required notice that needs your immediate attention. Please call 716-351-3820 or press 1 to speak to a live representative"

 Followed by a ten second pause.

29. None of the voicemails contained the legally required disclosure notifying the Plaintiff that the call was from a debt collector. *See* 15 USC 1692e(11).

30. Courts in the Fifth Circuit have held that a plaintiff suffers a concrete injury when he or she alleges that a Defendant did not provide disclosures required by §§ 1692e and 1692g of the FDCPA. *See,* Ngo v. NPAS, Inc. 2021 US Dist. LEXIS 8183 ("By alleging violations of the rights created by these provisions, plaintiff has satisfied the standard for concrete

injury required by most courts.")

31. Upon information and belief, there was no legally required notice that needed Plaintiff's immediate attention and any mention of the same by the Defendant was made for the purpose of instilling false fear and anxiety in the Plaintiff.

32. Plaintiff, as would any least sophisticated consumer, was left to believe that there was a pending lawsuit or criminal action filed against her.

33. Upon information and belief, the text messages sent from Defendant were sent via an automated telephone dialing system. This is evidenced by the verbiage in the text messages.

34. Upon information and belief, the phone calls made to the Plaintiff included a pre-recorded message. This is evidenced from the fact that man of the voicemails consisted of an identical message and contained a robotic voice.

35. These automated messages and pre-recorded calls caused Plaintiff to suffer concrete harm via invasion of privacy, aggravation, exhaustion of time and expenses incurred contacting an attorney.

36. Additionally, these automated messages and pre-recorded calls caused Plaintiff to suffer emotional distress.

37. The FDCPA gives consumers a statutory right to receive certain information, including that a communication was from a debt collector in an attempt to collect a debt, which the Plaintiff was deprived of in this case.

38. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

39. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

40. On information and belief, on a date better known to the Defendant, Defendant began its

campaign of communicating with via the use of an automated telephone dialing system and
prerecorded messages throughout the past four years by calling Plaintiffs cellular telephone
phone number ending in 6112 on dozens of occasions.

41. Upon information and belief, Defendant was calling Plaintiff in an attempt to collect a
consumer debt.

42. Plaintiff is the customary and sole user of the cellular phone number ending in 6112 and
has always been the customary and sole user of that phone number relevant hereto.

43. Plaintiff on multiple occasions told the Defendant to stop her cellular telephone.

44. Defendant continued to call and/or text Plaintiff up to two times per day.

45. Despite Plaintiff's requests for the calls to stop, Defendant continued to call Plaintiff's
cellular telephone with an automated telephone dialing system and with pre-recorded
messages.

46. By placing auto-dialed phone calls to the Plaintiff's cell phone, the Defendant violated 47
USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an
artificial prerecorded voice to any telephone number assigned to a cellular telephone
service.

47. Plaintiff suffered actual damages because the Defendant's calls to her cell phone deprived
her of the use of her cellular phone during the times that the Defendant was calling her
cellular phone, depleted battery life of the cellular telephone, and by invading on the
Plaintiffs' right to privacy and seclusion (the very harm that Congress sought to prevent).

48. Defendant's communication efforts attempted and/or directed towards the Plaintiff
violated various provisions of the TCPA, including but not limited to 47 USC
§227(b)(A)(iii).

## CLASS ALLEGATIONS

49. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

50. The Class consists of (a) all individuals with addresses in the State of Texas (b) to whom ARS (c) left a voicemail (d) in an attempt to collect a debt (e) without disclosing that the communication was from a debt collector (f) which was placed on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

51. The class definition may be subsequently modified or refined.

52. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

53. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

54. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's pre-recorded voicemails that did not disclose that the communication was from a debt collector to consumers violate 15 U.S.C. § 1692e.

55. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

56. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys

have any interests, which might cause them not to vigorously pursue this action.

57. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's pre-recorded voicemails that did not disclose that the communication was from a debt collector to consumers violate 15 U.S.C. § 1692e.

(c)  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair and

efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

58. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## <u>COUNT I</u>
### *Individually and on behalf of all others similarly situated*
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692e *et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated said section by:

- Failing to disclose in phone calls that the communication was from a debt collector

in violation of 1692e(11).

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT II**</u>
*Individually*
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
15 **U.S.C. §1692c-f**

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to:

    a.  Failing to cease communications with Plaintiff after Plaintiff notified Defendant in writing to cease communications in violation of 1692c(c);

    b.  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt in violation of 1692d;

    c.  Using false and/or deceptive means in connection with the collection of a debt in violation of 1692e;

    d.  Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 1692f.

67. The Defendant violated 1692g(a)(1) by failing to effectively state the amount of the debt.

68. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692 *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### *Individually*
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b) *et seq.*

69. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

70. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

71. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

72. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., and Yitzchak Zelman, Esq. as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: December 20, 2024          */s/ Yitzchak Zelman*        
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
yzelman@marcuszelman.com
*Attorneys for Plaintiff*